## GARRETSON v. HAYS BROS.

1. **Pleading**: PETITION: PAPER NOT AMOUNTING TO: CAUSE DISMISSED. A paper denominated "Synopsis of Petition," but which was not designed for a petition by the person who drew it, although entitled as if pertaining to an action by the plaintiff against the defendants, which, however, was addressed to no court, and contained the name of no court or county, and was left with the clerk by an unknown person with no directions as to filing it, but which was marked "filed" by the clerk, and entered upon the appearance docket of the district court, *held* to be no petition in contemplation of law; and, as no other paper purporting to be a petition was filed within the time named in the original notice in this cause, nor when a motion was made by defendant to dismiss the cause, *held* that the motion was properly sustained.

*Appeal from Marion Circuit Court.*

MONDAY, OCTOBER 25.

ACTION for damages alleged to have been sustained by reason of the wrongful levy of an execution upon a stock of goods. The court, on motion of the defendants, dismissed the case. Afterwards the plaintiff moved to set aside the order of dismissal, and allow her to file an amended petition. The court overruled the motion, and from the order overruling the motion the plaintiff appeals.

*Harsh & Day*, for appellant.

*Ayres Bros.* and *J. D. Gamble*, for appellees.

ADAMS, CH. J.—The motion to dismiss was based upon the alleged fact that no petition was filed within the time stated in the original notice. The fact is that something was filed within the time, and the question presented is as to whether what was filed can be deemed a petition. The paper filed is denominated a "synopsis of petition," and is entitled "*L. P. Garretson v. Hays Bros.*" It was marked "Filed" by the clerk, and entered upon the appearance

docket of the district court of Marion county, but it does not contain the name of the court or county, or of any court or county. It is shown affirmatively that the person who drew the paper did not design it to be filed as a petition. It was left in the clerk's office by a veiled woman, but who she was does not appear, and whoever left it gave no directions to file it as a paper in the district court. The entry of the paper as "synopsis of petition" in the appearance docket of the district court was done upon the motion of the clerk, and without any direction from any one, and might as well have been entered upon the appearance docket of the circuit court. The question is as to whether this paper, containing the name of no court, and without direction that it be filed in any particular court, was sufficient to invoke the jurisdiction of any particular court. In our opinion it was not. '

A petition, from its nature, should be addressed to the person or body whose action is sought. Where it is a petition to a court, it should appear, in some way, that some particular court has the power to act upon it, and where it does not so appear no court is justified in attempting to act upon it. The Code expressly provides that the petition must contain the name of the court and county in which the action is brought. Section 2646. Possibly if, at the time the motion to dismiss was acted upon, it had been shown to the court that directions had been given to the clerk to file the paper in the district court, that court would have been justified in assuming jurisdiction. But it was not so shown, nor was there anything showing that there had been an attempt to invoke the jurisdiction of that court. In *Morgan v. Small*, 33 Iowa, 118, a petition was entitled as of the circuit court, and filed in that court, and afterwards transferred to the district court. The court used language, though not strictly necessary for the decision, indicating that the petition could not be regarded as a petition in the district court, because it did not contain the name of that court. The court said: "No petition being on file in the district court at the time

of serving the notice on the defendant to appear therein, *or any time subsequently*, the action was to be deemed discontinued." We think that, at the time the motion to dismiss was sustained, the court had no petition before it which could give it jurisdiction, and that the motion was rightly sustained. It follows that the motion to reinstate was properly overruled. It was not accompanied by any showing tending to impeach the correctness of the previous order.

