CHARLES R. MILLIKEN, and others, APPELLANTS,

*vs.*

EDWIN MOREY, and others.

Androscoggin.    Opinion March 2, 1893.

*Insolvency.   Appeal.   Jurisdiction.   Decree.   Proofs of Debt.*

*R. S., c. 70, §§ 12, 25.*

Appeals from the Insolvency Court must be entered at the next term of the
Supreme Judicial Court in the County, and consent of parties does not con-
fer jurisdiction, if entered at any other term.

On objections, in writing, to a claim filed in the insolvency court, the statute
requires the court "to admit the claim to be proved," or "disallow the same,
in whole or in part," from which decision an appeal is given. · Where the
insolvency court did neither, but simply dismissed the objecting creditors'
petition "*pro forma*," *Held;* That there is no decree below from which an
appeal could be taken, or that bars new proceedings.

ON EXCEPTIONS.

This was a petition brought under R. S., c. 70, § 25, in the
Insolvent Court, for Androscoggin County, by creditors of
the Dennison Paper Manufacturing Company, insolvent, and
to obtain a decree expunging the claim of $134,815.07 proved by
Morey & Company, against the insolvent's estate.    The petition
alleged that said Morey & Company had accepted an unlawful
preference.

The procedure in the case is stated in the opinion.    The view
taken by the court renders it unnecessary to report the issues
raised upon the petition and answer by the parties, in the in-
solvent court, where a *pro forma* decree only was entered
dismissing the petition.

*John A. Morrill* and *Seth M. Carter*, for Appellants.

*Symonds and Cook,   A. A. Strout,   Charles F. Libby*, and
*A. R. Savage*, for Appellees.

HASKELL, J.   The appellants petitioned the court of insol-
vency in Androscoggin county to expunge the appellee's proof
of debt against the insolvent's estate.   To the petition, appellees
filed their answer, and proofs were taken, whereupon the judge

of insolvency, on the 29th of April, 1892, decreed *pro forma*, that the petition be dismissed. Two days afterward, April 30th, an appeal was taken by the petitioners "to the Supreme Judicial Court now holden at Auburn within and for said county of Androscoggin, to which term said appeal is to be taken in accordance with the stipulation of parties of record in this court." Notice thereof was ordered by the judge of insolvency and duly served on the same day. Three days afterward, May 3, the appeal was entered in this court at the April term thereof, that began on the 18th of April, then in session. Two days later, May 5th, the appellees moved to dismiss the appeal for want of jurisdiction, inasmuch as the appeal was prematurely entered, it being by law only authorized to be entered at the next term of court, to wit: September term, 1892. The court refused to dismiss the appeal and ordered the cause to a hearing against appellees' protest, and, thereupon, exceptions were taken and allowed, and appellees filed their answer, not waiving their motion to dismiss. A hearing was had and the cause reported to this court, a proceeding unauthorized by law. The exceptions, however, were seasonably certified to the chief justice, who held them for further argument before himself and associates at the July law term.

The Supreme Judicial Court takes jurisdiction of appeals from the decrees of judges of insolvency, by force of R. S., c. 70, § 12, that requires all appeals in insolvency to "be taken to the supreme judical court next to be held within and for the county where the proceedings are pending," giving exceptions in matters of law, that must be certified to the chief justice.

It is plain that the appeal was prematurely entered and should have been dismissed. *Clark* v. *Railroad*, 81 Maine, 477. But it is urged that appellees agreed in writing that the appeal might be entered at the April term. Be it so; they saw fit to repudiate their agreement, and seasonably, the next day after their appeal was entered, moved to dismiss it. The jurisdiction of the supreme judicial court, in such matters, is purely appellate and only exists by force of statute. Consent of parties never gives a court jurisdiction. *State* v. *Bonney*, 34 Maine, 223; *Powers* v. *Mitchell*, 75 Maine, 372.

As said by the supreme court of Massachusetts: "The consent of parties to the entry of this appeal at a term of court which was not the time fixed by law for such entry could not give the court jurisdiction of the appeal and it is accordingly dismissed." *Eddy's case*, 6 Cush. 28; *Palmer* v. *Dayton*, 4 Cush. 270; *Clark* v. *Railroad*, 81 Maine, 477. Want of jurisdiction may be taken advantage of at any time before judgment. *Custy* v. *Lowell*, 117 Mass. 78.

A valid appeal vacates a valid decree or judgment; and until affirmed in the appellate court there is neither. *Knox* v. *Lermond*, 3 Maine, 377; *Winslow* v. *Commissioners*, 31 Maine, 444; *Atkins* v. *Wyman*, 45 Maine, 399; *Tarbox* v. *Fisher*, 50 Maine, 236; *Hunter* v. *Cole*, 49 Maine, 556. Not so with insolvency appeals, by reason of the peculiar provisions of R. S., c. 70, § 12. Nor with void appeals from valid judgments, for they give the court no jurisdiction of the cause. *Cleveland* v. *Quilty*, 128 Mass. 578; and cases cited. Nor with valid appeals from void judgments. *White* v. *Riggs*, 27 Maine, 114; *Veazie Bank* v. *Young*, 53 Maine, 555.

It may be said that the appellees should not be allowed to repudiate their agreement and thereby deprive the appellants of their appeal, and leave them bound by a decree that cannot now be appealed from, and especially as that decree was *pro forma* only, leaving a determination of the cause without any judicial consideration. Certainly not.

The decree does not purport to be a decision upon the merits of the question. It can be no bar to a new petition. Moreover, the statute requires the insolvent court, on objections in writing to the allowance of a claim that has been filed, "to admit the claim to be proved," or "disallow the same in whole or in part." R. S., c. 70, § 25. This decree did neither. It simply dismissed the petition, without passing any judgment upon the claim, and without intending to do so. An appeal is given, not from a dismissal of a petition of this sort, but "from the decision of the judge, allowing or disallowing, in whole or in part, any debt, claim or demand against the debtor or his estate." The filing of a claim, under oath, is *prima facie* only. When

objections are filed, the validity of the claim is to be inquired into and its status determined by a decision upon the claim. Until this is done, the validity of the claim has not been determined, and it is open to objections by any party interested.

*Exceptions sustained.    Appeal dismissed.*

PETERS, C. J., WALTON, LIBBEY and FOSTER, JJ., concurred.