[S. F. No. 4528.   In Bank.—March 14, 1906.]

## WALTER TINN, Petitioner, v. UNITED STATES DISTRICT ATTORNEY, Respondent.

NATURALIZATION — VACATION OF ORDER — JURISDICTION—CERTIORARI.— Though *certiorari* can only issue where there is an excess of jurisdiction, and if the superior court had jurisdiction to vacate an order admitting an alien to naturalization, its judgment cannot be reviewed herein, though rendered upon insufficient evidence, or in some irregular method of procedure; yet, where it had no jurisdiction to vacate the order, the vacating order will be annulled upon *certiorari.*

ID.—ORDER OF ADMISSION A JUDGMENT—MODE OF VACATION.—An order admitting an alien to citizenship is a judgment of the same dignity and of the same qualities as any other judgment of a court having jurisdiction; and it cannot be set aside, except in some recognized lawful mode, either by motion within six months thereafter, or by action in equity, or by appeal.

ID.—LOSS OF REMEDY BY MOTION—VOID VACATING ORDER.—After the lapse of six months from the time when the petitioner was admitted to citizenship there was no authority for the institution of a proceeding by motion to vacate the judgment admitting him; and an order vacating the same upon motion of the United States attorney, for fraud in its procurement more than three years after the naturalization, is void, and will be annulled upon *certiorari.*

ID.—FRAUD IN PROCUREMENT OF JUDGMENT — MOTION — ABSENCE OF PLEADING IN EQUITY—ADMISSION AND CONSENT TO ORDER—EVIDENCE.—Where the record shows that the action of the superior

court was invoked by motion only to set aside a judgment on the ground of fraud, without any complaint or other pleading, the proceeding cannot be considered, either in form or in substance, a suit in equity for such relief; nor can the written admission of fraud and consent of the naturalized person to the granting of the motion give jurisdiction of the motion, or be considered other than as evidence in support of the motion.

PETITION for Writ of Certiorari to annul an order of the Superior Court of the City and County of San Francisco.

The facts are stated in the opinion of the court.

Lewis & Royce, for Petitioner.

Robert T. Devlin, U. S. District Attorney, and Frank A. Duryea, Special Assistant U. S. Attorney, for Respondent.

SHAW, J.—This is a proceeding by Walter Tinn to obtain a writ of *certiorari* to annul an order of the superior court of the city and county of San Francisco, canceling a previous order of that court admitting him as a citizen of the United States. The order of admission was made November 19, 1902. The order of cancellation was made upon motion of the United States district attorney, purporting to be made as in the course of the original proceeding, on November 23, 1905. The only question which we can consider in a proceeding in *certiorari* is that of jurisdiction. The writ can only issue when the court under review has in some manner exceeded its jurisdiction. (Code Civ. Proc., sec. 1068.) If the superior court had jurisdiction to make the order canceling the previous order admitting the petitioner to citizenship, then its judgment in the matter cannot be reviewed in *certiorari*, although it may have been rendered upon insufficient evidence or in some irregular method of procedure not going to the jurisdiction.

The contention of the petitioner is that an order admitting an alien to citizenship, made by a court of competent jurisdiction, is a judgment, possessing all the characteristics of an ordinary judgment of a court having jurisdiction of the subject-matter and the person; that after the lapse of six months from the time such order is made it is too late to institute proceedings by motion to vacate the same; that when such proceedings are instituted after such lapse of time the

court is without jurisdiction to act therein; and that the only proceeding which can be thereafter taken to vacate such order is an action in equity to set aside, on the ground that it is procured by fraud or mistake. We think this contention is correct. It is settled by the authorities that an order admitting an alien to citizenship is a judgment of the same dignity as any other judgment of a court having jurisdiction. (*United States* v. *Norsch* (C. C.), 42 Fed. 417; *Commonwealth* v. *Paper,* 1 Brewst. 263; *In re McCoppin,* 5 Saw. 632, [Fed. Cas. No. 8713] ; *Spratt* v. *Spratt,* 4 Pet. (U. S.) 408; *Stark* v. *Chesapeake Ins. Co.,* 7 Cranch. 420; *People* v. *McGowan,* 77 Ill. 644, [20 Am. Rep. 254].) This being so, such judgment must possess the same qualities as any other judgment of a court having jurisdiction, and consequently it cannot be set aside, except in some recognized lawful mode. But three modes are recognized by law. These are,—1. A motion made under section 473 of the Code of Civil Procedure, within six months after the judgment is taken; 2. By an action in equity; and 3. By an appeal to some court having appellate jurisdiction over the subject. The latter is, of course, not involved here. The vacating order in question was made in a proceeding begun three years after the making of the original order, and therefore it cannot be sustained as a proceeding by motion under the code. After the lapse of six months from the time the petitioner was admitted to citizenship, there was no authority for the institution of a proceeding by motion to vacate the judgment admitting him.

It cannot be successfully contended that the proceeding was, either in form or substance, a suit in equity. No complaint or other pleading invoking the jurisdiction of the court to act against the defendant in the matter was ever filed. A civil action can only be instituted by the filing of a complaint. (Code Civ. Proc., sec. 405.) Without such foundation for its action the judgment of a court of record is void, even though it be a court which has jurisdiction over the subject-matter referred to in the judgment. If the record of the judgment alone were produced, the presumptions in favor of the validity of such records would perhaps require another court, in a collateral proceeding, to assume that it was based on a proper complaint. But here the entire record is before us, and it is shown that the action of the superior court was invoked by

motion only, without any complaint or other written pleading. The rule is that a judgment so obtained is of no validity or force. Mr. Freeman says that in order to give a court jurisdiction to act "there must be a cause to be heard, and when the tribunal is a cour* of record, such cause must be submitted to it by a complaint in writing." (1 Freeman on Judgments, sec. 118.) Mr. Works, in his treatise on Jurisdiction, states the rule thus: "Jurisdiction of the subject-matter is obtained by the filing of such pleading or petition as will bring the action within the authority of the court." (Works on Jurisdiction, p. 30, sec. 11.) This rule is supported, and judgments so obtained declared to be void, by the following authorities: *Spoors* v. *Coen*, 44 Ohio St. 497, [9 N. E. 132]; *Jordan* v. *Brown*, 71 Iowa, 421, [32 N. W. 450]; *Garretson* v. *Hays*, 70 Iowa, 19, [29 N. W. 786]; *Dunlap* v. *Southerlin*, 63 Tex. 38; *Sheldon's Lessee* v. *Newton*, 3 Ohio St. 499; *Munday* v. *Vail*, 34 N. J. Law, 422; *Beckett* v. *Cuenin*, 15 Colo. 281, [25 Pac. 167, 22 Am. St. Rep. 399]; *Young* v. *Rosenbaum*, 39 Cal. 653.

Not only was there no complaint filed, and no action begun to cancel the original order for fraud in its procurement, but the record shows affirmatively that the proceeding was not so considered in the superior court. The record showing what there took place is as follows: "In the matter of the applications of certain persons to be admitted to become citizens of the United States of America. In this matter, upon reading and filing the annexed consents and admissions, and now on motion of R. T. Devlin, Esq., the United States attorney for the northern district of California, and good cause appearing therefor, it is ordered that the certificates of citizenship heretofore issued to the hereinafter named persons, on the dates set opposite their names, as follows, to wit: Walter Tinn, England, November 19, 1902; [Here follow eight other names and dates], be, and the same are, hereby canceled and the order of this court admitting said hereinbefore named persons as citizens of the United States of America be vacated and set aside." The consent of Walter Tinn referred to in the foregoing record was the only writing produced relating to his case. It was manifestly not presented as a complaint or petition to the court, but was merely filed in evidence in support of the oral motion made by the United States attorney. It was a paper purporting to be signed and acknowledged by

Walter Tinn, in which he "admits" that the order admitting him as a citizen and certificate thereof "were obtained by false testimony and fraud," and "consents that the order so admitting him as a citizen of the United States of America as aforesaid be vacated and set aside." Whatever force this document might have as evidence in an action or proceeding regularly begun, to prove an allegation of fraud, it clearly was not intended, nor can it be considered, as a substitute for a complaint against the petitioner. Even if it could be considered as an appearance to the motion and a consent that such motion be granted, it could not give the court power to act after the time had elapsed within which proceedings by motion could be instituted. It can only be considered as effective for the purpose for which the record shows it to have been intended,—that is, as evidence in support of the motion then made to the court. As such it could have no effect whatever to give the court jurisdiction over the cause. In whatever light the record is viewed, it is clear that the court never obtained jurisdiction to make the orders under review, and it follows that they should be annulled.

It is therefore ordered that the several orders of the superior court dated November 23, 1905, purporting to set aside the order of November 19, 1902, admitting Walter Tinn to citizenship as a citizen of the United States, and to cancel the certificate of citizenship then issued to him, be, and the same are, hereby annulled.

Beatty, C. J., Angellotti, J., McFarland, J., Henshaw, J., and Lorigan, J., concurred.