STATE EX REL. CONNERS and others, Relators, vs. ZIMMER-MAN, Circuit Judge, Respondent.

*June 11, 1930.*

72

ROSENBERRY, C. J. The first question presented is whether or not the court should grant leave for the commencement of the action. The situation presented by the facts in this case is certainly novel. The governor having appointed counsel upon the petition of an elector, the one accused of a violation of the act seeks a dismissal of the action before it is begun. If the circuit court was without power to dismiss the action, then it acted in excess of and beyond its jurisdiction and it is within the constitutional power of this court, in the exercise of its general superintending control granted by sec. 3 of art. VII of the constitution, to restrain the circuit court. *State ex rel. Fourth Nat. Bank v. Johnson,* 103 Wis. 591, 79 N. W. 1081. If the situation is as stated, then by the authority of *State ex rel. Kellogg v. Gary,* 33 Wis. 93; *State ex rel. De Puy v. Evans,* 88 Wis. 255, 60 N. W. 433; *State ex rel. Att'y Gen. v. Circuit Court,* 97 Wis. 1, 72 N. W. 193; *Petition of Inland Steel Co.* 174 Wis. 140, 182 N. W. 917; *State v. Fischer,* 175 Wis. 69, 184 N. W. 774, and other cases, it is considered

that the court should entertain the action and leave is accordingly granted.

The next question involves the merits of the case. In *State ex rel. La Follette v. Kohler,* 200 Wis. 518, 228 N. W. 895, we had occasion to consider the provisions of ch. 12, Stats. (Corrupt Practices Act). The act is there outlined and it is not necessary to restate it here.

Was the court without jurisdiction to enter the order of May 29, 1930? By the statute, ch. 260, remedies in courts of justice are divided into (1st) actions and (2d) special proceedings. An action is defined as "an ordinary proceeding in a court of justice by which a party prosecutes another party for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense." Every other remedy is designated as a special proceeding. The distinction between actions and special proceedings is pointed out in *Deuster v. Zillmer,* 119 Wis. 402, 97 N. W. 31, and *State ex rel. Durner v. Huegin,* 110 Wis. 189, 85 N. W. 1046. While the term *special proceeding* is used in sec. 12.22, the procedure provided for is that appropriate to an action and the remedy prescribed falls within the statutory definition of an action. The word *proceeding* is undoubtedly used in the same general sense it is used in title XXV in the Statutes, to wit, "Proceedings in Civil Actions in Courts of Record." It is provided by sec. 262.01 that a civil action in a court of record shall be commenced by the service of a summons. No summons has ever been served in this matter. It is very skilfully argued in this case, however, that the filing of the petition with the governor is the commencement of a proceeding; that the statute contemplates but a single special proceeding which shall be initiated by the elector's petition and terminated by judgment, and that the circuit court obtained jurisdiction of such special proceeding when the governor found on the 3d day of April, 1930, that there was probable

cause to believe that the proceeding requested might be successfully maintained. It is considered that this position is untenable. The filing of a petition with the governor and his determination thereof cannot be held to arouse in any degree the jurisdiction of any court. That is a proceeding before a co-ordinate department of the government vested by the statute with certain powers and the exercise of discretion. The governor as head of the executive department can exercise none of the judicial powers vested in the courts by the constitution. The power of the court can be invoked only in the manner laid down in the constitution or prescribed by law. No one with any authority had in the prescribed way invoked the jurisdiction of the circuit court for Dane county. When Mr. Huber filed his petition in that court no action or proceeding was pending there. Courts may not reach out and seize upon parties and deal with a subject matter unless and until their jurisdiction has been in some way invoked. The action having never been begun, it could not be dismissed. This conclusion rests upon such elementary principles that further discussion would serve no useful purpose.

It is further argued in support of the order of May 29th that the petition of Henry A. Huber filed in the circuit court for Dane county should be treated as a petition for a writ of *mandamus* on the theory that the attorneys appointed by the governor are public officers and may be compelled to perform their duties as such. It is considered that this contention is answered by the provisions of the statute itself. Sec. 12.22 does not limit the time within which the elector may file a petition with the governor, the county judge, or the attorney general. That is left to the determination of the elector himself. The judgment sought being one in the nature of ouster, the right to enter a complaint would certainly expire with the term of office of the person accused of the violation of the act. The time within which the gov-

ernor must act is not limited by the statute. Sec. 12.22 (2) provides that if it shall appear by the petition that there is probable cause to believe that such proceeding may be successfully maintained, then the judge, attorney general, or governor, as the case may be, shall grant leave and appoint special counsel. The time within which leave shall be granted is not specified. Sec. 12.22 (3) provides that if leave be granted and counsel appointed, such elector may, by special proceeding brought in the circuit court, investigate and the court shall determine whether or not there has been a violation of the act. No time limit is prescribed within which the action must be begun. The statute, however, specifies that it must be begun by service of summons and complaint, the answer shall be filed within ten days, any new matter in the answer shall be deemed denied, and the proceeding shall thereupon stand ready for trial upon five days' notice. It is quite evident that it was the purpose of the legislature that the proceeding should be summary and expeditious. Having the whole matter under consideration and having specified certain limitations of time in respect to some matters and with respect to others having left the time unlimited, it is certainly not within the province of the court in effect to amend the act and prescribe limitations where the legislature prescribed none. The legislature may have assumed that partisan zeal would lead to prompt and speedy compliance with the statute. It may have been of the opinion that counsel should have such time as they thought reasonably necessary to prepare pleadings and make preparation for trial, as a very short time is allowed for preparation after the action is begun. Whatever reason may have moved the legislature, it was within the power of the legislature to prescribe the time or leave it to the discretion of the officers and persons charged with the duty of acting. The exercise of such discretion cannot be controlled by *mandamus*. If the law is defective it should be remedied. Courts should not, by the assumed exercise of a jurisdiction which they

do not possess, supply deficiencies in the law if any exist. The proceeding is wholly statutory. The authority to proceed must be found within the statute. The proceeding must be according to the statute, and if according to the statute no one may complain. It would seem in the public interest that a proceeding of the character provided for should be conducted with all reasonable speed and expedition. What constitutes reasonable speed and expedition is left by the legislature for the determination of those charged with the duty and is not vested in the courts. So that if the proceeding should be considered one in the nature of *mandamus*, the matter set forth in the petition of Mr. Huber would not warrant the issuing of such a writ.

A consideration of all of these matters resulted in the conclusion announced in the mandate already filed.