CALVIN L. STINSON, APPELLANT

*vs.*

JESSE W. TAYLOR, COMMISSIONER OF LABOR.

IN RE WAGE BOARD

Kennebec County.    Decided January 28, 1941.    This is an appeal from the decision of a justice of the Superior Court in an ac-

tion brought by the Commissioner of Labor and Industry to enforce the minimum fair-wage rates established for women and minors employed in the Fish-Packing Industry of Maine.

An incomplete record shows that on March 21, 1940, a wage board appointed and acting under the provisions of Chap. 289, P. L., 1939, filed with the commissioner of labor and industry its report, findings and determinations as to minimum fair-wage rates to be paid women and minors employed in the industry of packing of fish and fish products, and the commissioner, having made service thereof as required by law, on April 26, 1940, instituted court action to enforce the rates. A petition for stay of proceedings and hearing having been filed, the justice of the Superior Court to whom it was presented denied the stay and affirmed the rates. The petitioner appealed.

Authority for the action taken by the commissioner is found in Section 12 of the Act, which reads:

"If at any time after a report of a wage board, containing findings and determinations as to minimum fair-wage rates, has been filed with the commissioner, and has been served by him as provided in section 10 hereof, and any employer or employers affected thereby, have failed for a period of 2 months to pay such minimum fair-wage rates, the commissioner shall thereupon take court action to enforce such minimum fair-wage rates. The commissioner shall file in the office of the clerk of the superior court for Kennebec county the record of hearing before the wage board, together with its report, findings and determinations as filed with the commissioner, and his certificate of service on employers. A justice of the superior court, unless application for stay of proceedings and for hearing shall have been filed in the office of said clerk of the superior court for Kennebec county and shall have been allowed by a justice of the superior court or the supreme judicial court, shall render, within 30 days after the filing of the papers with the said clerk of the superior court as aforesaid, his decision affirming or disaffirming the minimum fair-wage rates stated in the report, findings and determinations of the wage board, ..."

The language of the legislature in enacting Section 12 of this

wage act, as it may be termed, is clear and unambiguous. The failure of an employer in the fish-packing industry for two months to pay the minimum fair-wage rates reported by a wage board is expressly made a condition precedent to court action to enforce the rates. This provision is, in terms, mandatory and compliance with it seems necessary in order to confer jurisdiction upon the tribunal to which the action may be presented. We find nothing in other parts of the statute which militates against this view.

A justice of the Superior Court, in enforcing minimum fair-wage rates under the wage act, exercises a special and limited jurisdiction which is purely statutory and not according to the common law. It is well settled that in such cases, unless there is strict compliance with conditions precedent prescribed by the statute, the court is without jurisdiction and the proceeding is a nullity. *Stidham* v. *Brooks* (De. 1), 5 A. (2d), 522; *Sumner* v. *Milford*, 214 Ill., 388, 394, 73 N. E., 742; *Strom* v. *Lindstrom*, 201 Minn., 226, 275 N. W., 833; *Gates* v. *State*, 128 N. Y., 221, 28 N. E., 373; *Holden* v. *Campbell*, 101 Vt., 474, 144 A., 455; *State ex rel Conners* v. *Zimmerman*, 202 Wis., 69, 231 N. W., 590; 15 Corpus Juris 797. The provisions of the statute cannot be changed by the consent of the parties, nor can lack of jurisdiction be waived. A want of jurisdiction is fatal in every stage of the cause and is always open for consideration by the court. *Cushman Co.* v. *Mackesy*, 135 Me., 490, 200 A., 505; *Darling Automobile Co.* v. *Hall et al.*, 135 Me., 382, 197 A., 558; *Milliken* v. *Morey*, 85 Me., 340, 27 A., 188; *Powers* v. *Mitchell*, 75 Me., 364; *Stidham* v. *Brooks*, supra.

In the case at bar, the record does not show that any employer in the industry of packing of fish and fish products affected by the minimum fair-wage rates reported by the wage board failed for a period of two months, or even at all, to pay such wages after service of the report as required by law. The record does show, as already stated, that, within less than one month after the report was filed and had been served, action to enforce the rates was taken. It is the opinion of this court that the justice of the Superior Court taking cognizance of this action was without jurisdiction and any and all proceedings connected therewith are a nullity.

In view of our conclusion that the court below was without jurisdiction, it is unnecessary to consider or determine other questions

raised by the appeal. The mandate is Appeal sustained. Case remanded for dismissal for want of jurisdiction. *Blaisdell & Blaisdell,* for appellant. *Franz U. Burkett,* Attorney-General, *John S. S. Fessenden,* Assistant Attorney-General, for Wage Board.