Faught, J.
 

 The question for determination here is whether on the conceded facts the Juvenile Court had jurisdiction to make a finding and adjudication that the child was a dependent child, without the formal filing of a complaint against the parent. The appellant urges that such jurisdiction is conferred upon the
 
 *299
 
 Juvenile Court by reason of the provisions of Section 10512-21, General Code, which reads as follows:
 

 “If for any reason whatsoever the petition shall be dismissed or the court shall deny or revoke its interlocutory order of adoption or deny a final decree of adoption, the following disposition shall be made of the child:
 

 “(a) If the child is, or was prior to the interlocutory order, in the permanent custody of the division or a county department or certified organization, then the child shall be returned to the division or such department or organization.
 

 “(b) Otherwise the cause shall be certified to the Juvenile Court of the county where the child is then residing for appropriate action and disposition by such court.”
 

 The appellant contends that the certification of the cause under the provisions of this statute of itself conferred jurisdiction upon the Juvenile Court to determine the proper disposition and custody of the child and to make an order changing such custody.
 

 The petitioner contends that the Juvenile Court had no jurisdiction over the child until a proper complaint charging delinquency or dependency was, under Section 1639-23, General Code, filed against the mother or person in control of the child.
 

 It must be pointed out at the outset that it is not contended that these proceedings were had without actual notice to the petitioner. She was cited to appear at the time each of the orders of the Juvenile Court was made. Also there can be no valid claim in this case that the petitioner voluntarily relinquished her rights of custody over the child by signing a written consent to the adoption thereof by the Brendels. Section 10512-14, General Code, requiring written consent to an adoption, contains the following language:
 

 ‘ ‘
 
 Such consents shall be applicable only to the speci
 
 *300
 
 fic adoption proposed by the petition. Snch consents may not be withdrawn after the entry of an interlocutory order, or after the final decree, of adoption. ’'
 

 The record in this case discloses that no interlocutory decree of adoption was made, and that the petition was withdrawn before final decree was entered.
 

 The appellant urges that the provisions of Section 10512-21, General Code,
 
 supra,
 
 specifically apply to this case; and that this section has for its purpose the establishment of a method by which the Juvenile Court is authorized and required to investigate and establish the custody of a child in cases where the petition for adoption has been dismissed or the decree of adoption refused. It is urged by the appellant that upon snch certification by the Probate Court a case involving custody of the child is mandatorily presented to the Juvenile Court.
 

 We are in accord with the statements of the appellant as to the purpose to be accomplished by this section. Under the provisions of the Adoption Code, Sections 10512-9 to 10512-23, inclusive, General Code, it is a prerequisite to any decree of adoption that the child reside in the home of the adopting parents for a period of at least six months; and in cases where the petition is dismissed or where for other reasons the decree is refused by the court, and the parents cannot be located, Section 10512-21, General Code, provides a method whereby the Juvenile Court is required to make investigation to determine who then has the responsibility for the care of the child and, if the investigation reveals facts sufficient to warrant the invoking of the jurisdiction of the Juvenile Court for “appropriate action and disposition by such court,” such jurisdiction can be grounded on the procedures established in Section 1639-23, General Code.
 

 Although it is urged in this case that the decision must turn upon an interpretation of Section 10512-21,
 
 *301
 
 General Code, it would seem that the provisions of this section were clearly applicable herein and that the certification by the probate judge brought to the Juvenile Court a matter for its investigation.
 

 But directly presented in this case is the primary question whether the judgment of the Juvenile Court finding that the child was a dependent child is lawful. It has been well established by decisions of this court that such orders are void unless there is proper notice given to the parents.
 

 Paragraph one of the syllabus in the case of
 
 In Re Corey,
 
 145 Ohio St., 413, 61 N. E. (2d), 892, provides:
 

 “By virtue of the provisions of Section 1639-24, General Code, the parents of a minor child or children are entitled to notice, actual or constructive, in a proceeding instituted in the Juvenile Court upon a complaint of dependency of such children. Unless such notice is given to the parents, the jurisdiction of the court does not attach and a judgment of commitment rendered in such proceeding is void. ’ ’ See, also,
 
 Rarey
 
 v.
 
 Schmidt,
 
 115 Ohio St., 518, 154 N. E., 914; and
 
 In Re Frinzl, a Minor,
 
 152 Ohio St., 164, 87 N. E. (2d), 583.
 

 It is stipulated by the parties that no charge against the petitioner concerning dependency of the child was made in the Juvenile Court.
 

 Section 1639-23, General Code, reads as follows:
 

 “Any person having knowledge of a child under eighteen years of age who appears to be delinquent, neglected, or dependent, or of a crippled or otherwise physically handicapped child under 21 years of age, may, with respect to such delinquent, neglected or dependent child, file a sworn complaint, and with respect to such crippled' or otherwise physically handicapped child file an application for care in the court exercising the powers and jurisdiction conferred in this chapter, of the county in which such child has a residence or
 
 *302
 
 legal settlement, or in which snch delinquency, neglect or dependency occurred, or, in case of a crippled child, where such child is found. Such application or sworn complaint may be upon information and belief, and shall be sufficiently definite by using the word delinquent, neglected, dependent, crippled, or physically handicapped, as the facts may be.”
 

 Both parties concede that under the provisions of this section the filing of the complaint is essential, but it is urged that the certification by the Probate Court in the adoption matter either eliminated this requirement or was of itself a complaint.
 

 However, there is no language in Section 10512-21, General Code, which indicates that a certification of the cause is to be considered a complaint. The last sentence therein provides that “otherwise the cause shall be certified to the Juvenile Court
 
 *
 
 * * for appropriate action and disposition by such court.” Neoessarily, that language includes by implication all the other jurisdictional and procedural statutes governing that court, including Section 1639-23, General Code,
 
 supra.
 
 To hold otherwise would give the Juvenile Court unlimited authority in such certified cases. There is nothing in Section 10512-21, General Code, authorizing such conclusion.
 

 The wisdom of the General Assembly in requiring such complaint is evidenced by the results in this case. A finding of dependency was made without complaint and it is urged in this court that no dependency was actually found but that the Juvenile Court merely decided a question of custody. The charges a parent is required to defend must be certain and definite, and the serving of a citation upon a parent in a case in which there has been no complaint does not supply such deficiency. The General Assembly intended that the natural right of parents to their children should be protected and set forth specifically those instances
 
 *303
 
 in which the Juvenile Court has the power to deprive parents of their children.
 

 It is a basic requirement that a case cannot be instituted in a court of record without a proper pleading being filed requesting service of summons on those persons who are to be brought within the jurisdiction of the court for the proper disposition of that case.
 

 As early as the year 1854 Judge Ranney, in the case of
 
 Sheldon’s Lessee
 
 v.
 
 Newton,
 
 3 Ohio St., 494, 499, stated this rule as follows:
 

 “The power to hear and determine a cause is jurisdiction ; and it is
 
 corani judice
 
 whenever a case is presented which brings this power into action. But before this power can be affirmed to exist, it must be made to appear that the law has given the tribunal capacity to entertain the complaint against the person or thing sought to be charged or affected; that such complaint has actually been preferred; and that such person or thing has been properly brought before the tribunal, to answer the charge therein contained.”
 

 The rule was again stated by this court in the case of
 
 Spoors
 
 v.
 
 Coen,
 
 44 Ohio St., 497, 502, 9 N. E., 132. In approving the statement in the
 
 Sheldon case, supra,
 
 Judge Minshall stated the rule, as follows:
 

 “To bring a cause before a court, competent to adjudicate it, it is not only necessary that the parties should be
 
 in jus vocatio,
 
 cited or summoned in the manner required by the law of procedure, but a case must also be made, or stated, affecting the party against whom relief is asked.”
 

 Paragraph four of the syllabus in the
 
 Spoors case, supra,
 
 provides:
 

 “The judgment of a court upon a subject of litigation within its jurisdiction, but not brought before it by any statement or claim of the parties, is null and void, and may be collaterally impeached.”
 

 This principle was again recognized and followed
 
 *304
 
 in the ease of
 
 Baltimore & Ohio Rd. Co.
 
 v.
 
 Larwill,
 
 83 Ohio St., 108, 116, 93 N. E., 619. See, also, 11 Ohio Jurisprudence, 664, and 14 American Jurisprudence, 276, Section 46.
 

 This principle is also followed in the statutory law of this state.
 

 Section 11279, General Code, relating to the civil procedure in the Court of Common Pleas provides:
 

 “A civil action must be commenced by filing in the office of the clerk of the proper court a petition, and causing a summons to be issued thereon.”
 

 Section 13432-9, General Gode, relating to criminal procedure, provides:
 

 “When an affidavit charging a person with the commission of an offense is filed with a judge, clerk or magistrate * * * he shall issue a warrant for the arrest of the accused.”
 

 The iJrovisions of the General Code relating to the Juvenile Court are likewise subject to the requirement that a complaint must be filed. Sections 1639-23 and 1639-24, General Code,
 
 supra,
 
 provide for the filing of a complaint by a party having knowledge of a delinquent, neglected or dependent child, or of a crippled or otherwise physically handicapped child, and for the issuance of summons “after a complaint or an application for care shall have been filed.”
 

 Therefore, it is clear that in all instances where the jurisdiction of the Juvenile Court may be invoked, a complaint, lawful notice and a hearing are statutory requirements for such invoking.
 

 When this matter was certified to the Juvenile Court, the petitioner had lost none of her rights to custody. Under the statutes above set forth, the failure of the adoption by dismissal of the petition destroyed any legal effect of her consent. The child did not by such certification become either dependent, neglected or delinquent. In such a case the Juvenile Court was as
 
 *305
 
 fully bound by the statutes concerning its jurisdiction as it is in any other case. The failure to follow this statutory procedure rendered the entry and judgment void as to the petitioner, and the release from custody was properly granted by the Court of Appeals.
 

 Judgment
 
 affirmed.
 

 Weygandt, C. J., Matthias, Hart, Zimmerman, Stewart and Taft, JJ., concur.