**In re James A. BURLEY and Elsie M. Burley, Debtors.**

**B.H. BRINEY and Lucile Briney, Appellants,**

v.

**James A. BURLEY and Elsie M. Burley, Appellees.**

**BAP No. CC–81–1150–KHG.**

**Bankruptcy No. LA 80–08761–RO.**

United States Bankruptcy Appellate Panels of the Ninth Circuit.

Argued Jan. 21, 1982.

Decided Dec. 28, 1982.

**604**

Yale M. Harlow, Law Offices of Richard M. Moneymaker, Los Angeles, Cal., for appellants.

No appearance for appellees.

Before KATZ, HUGHES and GEORGE, Bankruptcy Judges.

## OPINION

KATZ, Bankruptcy Judge:

Appellants appeal from an order of the bankruptcy court denying their motion to vacate the order of discharge entered in the bankruptcy proceedings filed by the Burleys.

The salient facts are that the Burleys filed a Petition for Relief Under Chapter 7 of the Bankruptcy Code in the Central District of California.

The Brineys are creditors of the debtors as a result of a judgment having been entered in their favor in the state courts of Colorado and are the debtors' only creditors.

Upon receiving notice of the filing of the bankruptcy, which advised them of the time within which to file complaints objecting to the discharge or to determine dischargeability of debt, the Brineys timely filed such a complaint in the bankruptcy court for the District of Colorado. The clerk of the bankruptcy court in the Central District of California was notified of the timely filing of the complaint.

Thereafter, the Burleys moved in the Colorado court to dismiss the complaint for improper venue or in the alternative to transfer the proceeding to the California court. The motions were denied and the matters were set for trial.

Subsequently the California bankruptcy court entered the discharge of the Burleys. A motion under F.R.C.P. 60(b) and Bankruptcy Rule 924 to vacate the order of discharge was made by appellants and denied. The court below denied the motion on the grounds that the Colorado court had no authority to retain the proceedings under applicable law.

In its decision, *In re Burley,* 11 B.R. 369, the court concluded that it was free to grant the debtors a discharge despite the timely filed complaints pending in Colorado. The court below recognized that the Colorado court had jurisdiction to accept, process and file the creditors' complaint, but that venue was improper and therefore the Colorado court could not have retained the proceedings for ultimate disposition.

We agree with the trial court on the determination that the Colorado court had jurisdiction over the Brineys' complaint. We disagree on the venue issue and therefore REVERSE and REMAND with instructions to grant the motion of appellants to vacate the Order of Discharge.

In determining the venue issue, one must look to 28 U.S.C. §§ 1473, 1475 and 1477, as well as legislative history.

28 U.S.C. § 1473 provides, in subdivision (a) thereof:

"Except as provided in subsections (b) and (d) of this section, a proceeding arising in or related to a case under title 11 *may* be commenced in the bankruptcy court in which such case is pending." [Emphasis added.]

The word "may" is permissive, indicating that while a proceeding may be filed in the court wherein the case is pending it may also be filed in another court.

The term "proceeding" in the Code is used in its broadest terms to include anything that occurs in a case. H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 445 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787.

28 U.S.C. § 1477(a) states:

"The bankruptcy court of a district in which is filed a case or proceeding laying venue in the wrong division or district may, in the interest of justice and for the convenience of the parties, retain such case or proceeding, or may transfer, under section 1475 of this title, such case or proceeding to any other district or division."

■ These matters, taken together, indicate that any proceeding which includes disputes relating to administrative matters may be heard in a bankruptcy court other than the court in which the case is pending if it is in the interest of justice and for the convenience of the parties to do so.

We do not have before us the record of the Colorado court of the hearing on the motion to dismiss filed by the Burleys. Hence, whether the Colorado court abused its discretion in not granting that motion, thereby retaining venue, is not before us.

■ What is before us is the question of whether the California court abused its discretion in refusing to set aside the discharge. In basing its ruling on its belief that venue was improper, we think the court below was in error.

REVERSED and REMANDED with instructions.

HUGHES, Bankruptcy Judge, dissenting:

I respectfully dissent because I believe the trial court properly denied the creditors' motion to vacate the debtors' order of discharge.

I.

The essential facts, which are few, bear reiteration. The Burleys filed a petition under Chapter 7 of the Bankruptcy Code in the Central District of California. Their only creditors, the Brineys, filed a two-count complaint (1) objecting to discharge and (2) seeking an order holding their judgment nondischargeable in bankruptcy. The Brineys' complaint was filed in the District of Colorado.

The Burleys appeared before the Colorado bankruptcy court on a motion to dismiss or to change venue to California. The motion was denied by the Colorado court and the Burleys answered the complaint.

Meanwhile, the California court fixed the last date for filing objections to discharge. Bankruptcy Rule 404(a). A copy of the complaint filed in Colorado was lodged with the California court before the bar date, and the Brineys' attorney wrote to the California court requesting that entry of discharge be delayed, but no objection to discharge was ever filed in California.

Orders of discharge were entered by the California court pursuant to 11 U.S.C. § 727 on March 19, 1981 and the Brineys' moved that court to vacate those orders pursuant to Rule 60(b), Fed.R.Civ.P., on March 27, 1981. The trial court denied the motion and the Brineys appealed.

That part of the Colorado complaint seeking an order holding the Brineys' judgment to be nondischargeable pursuant to 11 U.S.C. § 523 was not affected by the motion below and is not before us.

II.

The trial court summarized its reasons for denying the motion to vacate the Burleys' discharge orders. I summarize the summary:

The Colorado Court (1) had jurisdiction over the complaint objecting to discharge, but (2) lacked proper venue. Therefore, the trial court concluded, the motion should be denied. It also held that the facts did not justify exercise of discretion "to permit continuation of the 'proceeding' in Colorado."

I would affirm the order appealed on the ground that appellants have failed to establish that the trial judge abused his discretion, the standard of review for orders made on Rule 60(b) motions. *Plotkin v. Pacific Tel. and Tel. Co.,* 688 F.2d 1291 (9th Cir.1982). I would affirm notwithstanding my conclusion that the premises for the order were erroneous. Unlike the trial court, I would hold that the Colorado court lacked jurisdiction over the Burleys' discharge in bankruptcy. Furthermore, I believe that the trial court was not competent to question the Colorado court's venue rulings. Unlike the majority of this panel, I believe that the appeal ultimately turns on jurisdiction rather than venue.

I attempt to show in Part III that the Brineys failed to justify the relief they sought, in Part IV that the conflicting venue analyses of the trial court and the panel are beside the point; and in Part V that, contrary to the assumptions of the trial court and the panel, the Colorado court did not acquire jurisdiction to deny discharge to the Burleys.

### III.

The Brineys did not articulate a legal theory that would justify any interference with the Burleys' order of discharge in California, whether before or after it was entered. The Brineys first sought delay of entry of the discharge order and then vacation of the order on the following grounds: 1. The objection to discharge was timely filed in Colorado and notice of the Colorado filing was timely given to the California court. 2. The Colorado court had jurisdiction over the objection to discharge. 3. The Colorado court had denied a motion to dismiss or change venue. I am unable to determine why the foregoing factors, accepted as true, affect the Burleys' discharge in California.

It is arguable that a Colorado judgment denying discharge to the Burleys would preclude the California court from entering discharge on res judicata grounds. *Bluthenthal v. Jones,* 208 U.S. 64, 28 S.Ct. 192, 52 L.Ed. 390 (1908). There was no judgment, however, so res judicata does not apply.

It is also arguable that the doctrine of federal comity is applicable. See, generally *Pacesetter Systems, Inc. v. Medtronic, Inc.,* 678 F.2d 93 (9th Cir.1982) but rulings under that doctrine are reversed only for an abuse of discretion. 678 F.2d at 95.

I conclude that there is no showing that the trial court should have withheld entry of discharge or that it abused its discretion in denying the motion to vacate the order after entry.

Nevertheless, I address the issues of venue and jurisdiction because the panel majority rests its decision of reversal on them.

### IV.

The panel and the trial court both consider venue determinative and both assume that the judgment of a court of improper venue may be ignored. (They differ in their conclusions, the panel holding that the Colorado venue ruling was correct). Both analyses are flawed because they treat rulings on venue as subject to collateral attack. To the contrary, venue is of concern only to the court whose venue is challenged, and to an appellate court on direct appeal.

Judgments may be collaterally attacked only for want of jurisdiction. *Windsor v. McVeigh,* 93 U.S. 274, 282–83, 23 L.Ed. 914 (1876). As was stated in *Yale v. National Indemnity Co.,* 602 F.2d 642 (4th Cir.1979), at 644,

> "... the traditional rule, *Restatement of Judgments* § 11 comment b ... [is] that only void judgments are subject to collateral attack, and that a void judgment is only one that is rendered by a court lacking jurisdiction over the defendant or over the subject matter, or in violation of a procedural requirement so substantial

that it is deemed ... to be void, i.e., to be 'jurisdictional'."

Venue and jurisdiction are distinct concepts. *Wright, Miller and Cooper Fed. Practice & Procedure* § 3826, p. 166–167. Unlike jurisdiction, venue does not involve the power or authority to adjudicate a controversy. It is a "forum limitation for the convenience of the parties." *United States ex rel. Rudick v. Laird,* 412 F.2d 16, 20 (2nd Cir.1969). Proper venue is not a prerequisite to the rendition of a valid judgment. *Ruddies v. Auburn Spark Plug Co.,* 261 F.Supp. 648, 649 (S.D.N.Y.1966).

Accordingly, whether the Colorado court committed error with respect to venue is the exclusive concern of that court and of courts in which appeal from its judgments lie. Neither the Central District of California trial court nor this panel are in that line of appeal. Thus, I agree with the panel majority that the trial court erroneously disregarded the Colorado rulings on venue, but for different reasons.

## V.

The trial court's jurisdiction analysis is also flawed, in my opinion, because it considered the power of the Colorado court to render a valid judgment only as an abstract question of subject matter jurisdiction. It failed to consider whether the Colorado court had in fact acquired jurisdiction to deny the Burleys' discharge. As I now seek to demonstrate, even though the Colorado bankruptcy court had subject matter jurisdiction to grant or deny discharge in bankruptcy, its jurisdiction to deny the Burleys' discharge was never invoked. Accordingly, any judgment of the Colorado court denying discharge would be void and would not have res judicata effect.

## A.

A court can render a valid judgment only if it has (1) jurisdiction of the subject matter and (2) jurisdiction of the parties and then only if (3) subject matter and personal jurisdiction have been invoked. See *Windsor v. McVeigh,* supra; *Elwess v. Elwess,* 73 N.M. 400, 389 P.2d 7, 9 (1964). We are concerned here only with the third requisite, i.e., whether a court has acquired subject matter jurisdiction over the matter in which judgment issues. (I assume but find it unnecessary to decide that the Colorado court had personal jurisdiction over the parties).

Subject matter jurisdiction may be invoked in a particular case only by following prescribed statutory procedure. As stated by Justice Field, "[t]hough a court may possess jurisdiction of a cause, of the subject matter and of the parties, it is still limited in its modes of procedure ... [A] departure from established modes of procedure will often render the judgment void." *Windsor v. McVeigh,* supra.

The filing of proper pleadings is one requisite to invoking the court's jurisdiction over a particular matter. "The exercise of jurisdiction [is] conferred by the filing of a petition containing all the requisites and in the manner prescribed by law." *The United States v. Arredondo,* 31 U.S. (6 Pet.) 691, 709, 8 L.Ed. 547 (1832). "[A] court can acquire jurisdiction in the concrete in a particular instance only when it is presented to the court as prescribed by law." *Zarges v. Zarges,* 79 N.M. 494, 445 P.2d 97, 99 (1968) quoting *Riggs v. Moise,* 344 Mo. 177, 128 S.W.2d 632, 635 (1939). See *Tinn v. U.S. District Attorney,* 148 Cal. 773, 775–76, 84 P. 152 (1906); *Bassick Min. Co. v. Schoolfield,* 10 Colo. 46, 14 P. 65, 67 (1887); *State ex rel. Campbell v. Chapman,* 145 Fla. 647, 1 So.2d 278, 281–82 (1941); *Lovett v. Lovett,* 93 Fla. 611, 112 So. 768, 775–77 (1927); *Crawford v. Pierse,* 56 Mont. 371, 185 P. 315, 318 (1919); *State ex rel. Clark v. Allaman,* 154 Ohio St. 296, 95 N.E.2d 753, 756–57 (1950); *State ex rel. Conners v. Zimmerman,* 202 Wis. 69, 231 N.W. 590, 592 (1930).

A pleading that fails to present a claim on which relief can be granted does not invoke the jurisdiction of the court and any judgment rendered thereon is void. *State ex rel. Campbell v. Chapman,* supra; *Crawford v. Pierse,* supra. An answer to a petition will not invoke the jurisdiction of the court unless it is in the nature of a cross or counterclaim setting up some independent ground for relief. *Lovett v. Lovett,* supra.

### B.

The right to a discharge in bankruptcy is a creature of the Bankruptcy Code (Title 11 United States Codes) and does not exist independent of a bankruptcy case. There is no cause of action for a bankruptcy discharge under state law, or under nonbankruptcy federal law. It is unknown at common law.

The Bankruptcy Code, then, prescribes how a court having subject matter jurisdiction to adjudicate rights created by the Code acquires those rights in a particular instance. Under section 727(a) of the Code, an individual Chapter 7 debtor is entitled to an order of discharge unless a party in interest files a timely objection. 11 U.S.C. § 727(c)(1). In the absence of such timely objection, "the court shall forthwith grant the discharge ..." Bankruptcy Rule 404(d).

An individual becomes a debtor under Chapter 7 of the Code through compliance with sections 301 et seq., which govern voluntary and involuntary petitions in bankruptcy. These sections prescribe the only manner in which a case may be commenced under the various chapters of the Code and thus the only manner in which a court's subject matter jurisdiction over a bankruptcy case may be invoked.

Once invoked, jurisdiction over a case may be transferred to a bankruptcy court in another district. 28 U.S.C. § 1475. Only a court in which jurisdiction over a case has been invoked has the power to order such transfer. Presumably, that court is authorized to transfer part of the case, such as the disposition of an objection to discharge.

In summary, a court's jurisdiction to grant or deny discharge in bankruptcy is invoked either by the commencement of a case under Chapter 7 in the manner prescribed by 11 U.S.C. §§ 301 et seq. or by order of transfer pursuant to 28 U.S.C. § 1475.

### C.

Applying the foregoing principles to the facts of this appeal, it is apparent that the Brineys did not take those statutory steps necessary to invoke the Colorado bankruptcy court's subject matter jurisdiction to grant or deny a discharge in bankruptcy to the Burleys. Their complaint objecting to discharge filed in Colorado can hardly be construed as an involuntary petition in bankruptcy. 11 U.S.C. § 303. None of their contacts with the California court can be construed as a motion to transfer. 28 U.S.C. § 1475.

As to the part of the complaint filed in Colorado that raised an objection to discharge, then, the Colorado complaint was a legal nullity because it did not invoke that court's jurisdiction and any judgment affecting discharge would have been void. The California court properly ignored the objection to discharge because it was not filed with it and because the filing in Colorado had no legal effect.

### VI.

I believe the foregoing analysis disposes of the jurisdictional issue: the Colorado bankruptcy court did not acquire subject matter jurisdiction over the Burleys' right to a discharge in bankruptcy because none of the statutory steps for conferring such jurisdiction were taken. In this part, I attempt to dispose of what appear to me to be false issues that intrude upon the analysis.

The major stumbling block is the notion that a complaint objecting to discharge is a proceeding or a civil proceeding and thus somehow governed by different principles than those I have addressed. Thus in its venue discussion, the majority notes that "'proceeding' in the Code is used in its broadest terms to include anything that occurs in a case." Likewise, the trial court noted that "Congress did not bifurcate the term 'proceedings' to distinguish between ... matter[s] ... inherent and integral to the administration of a 'case' ... and ... plenary suits."

However valid these statements may be for other purposes, they miss the mark for purposes of determining whether subject matter jurisdiction is invoked in a particu-

lar instance. The basic grants of subject matter jurisdiction to bankruptcy courts distinguishes between *cases,* 28 U.S.C. § 1471(a), (c) and *civil proceedings,* 28 U.S.C. § 1471(b), (c). The bankruptcy court's jurisdiction over *cases* is exclusive, by the express terms of that grant (as an adjunct of the district court), and is shared with no other court. On the other hand, the statute expressly makes the bankruptcy court's jurisdiction over *civil proceedings* non-exclusive, i.e., it shares jurisdiction over *civil proceedings* with state and other federal courts.

Nowhere in 28 U.S.C. § 1471—which is the source of the bankruptcy court's subject matter jurisdiction—is the word *proceeding* found. Thus for purposes of jurisdiction, the word *proceeding* alone has no meaning. A particular matter, such as an objection to discharge, must then be characterized as either a *case* (or part thereof) or a *civil proceeding.* There is nothing of a convincing nature to suggest that an objection to discharge is a *civil proceeding.*

As demonstrated earlier, the right to discharge does not exist independent of a bankruptcy *case.* The right to discharge flows from the original Chapter 7 petition and, although parties in interest may oppose discharge, there is no right to deny discharge in the abstract.

Discharge is one of the "primary purposes" of United States bankruptcy law, *Local Loan Co. v. Hunt,* 292 U.S. 234, 244, 54 S.Ct. 695, 699, 78 L.Ed. 1230 (1934), and is integral to the bankruptcy process. It follows that the bankruptcy court's exclusive jurisdiction "has extended to ... the granting or denial of discharge ..." Kennedy, The Bankruptcy Court Under the New Bankruptcy Law, 11 St. Mary's Law Journal, 251 (1979). Discharge jurisdiction that is exclusive to bankruptcy courts, not shared with state and other federal courts, cannot by definition be a *civil proceeding,* jurisdiction over which is non-exclusive. 28 U.S.C. § 1471(b).

Nor is an *adversary proceeding* as defined in Part VII of the Bankruptcy Rules to be equated with a *civil proceeding* as used in 28 U.S.C. § 1471(b). The rules draftsmen decided in 1973 that objections to discharge should be governed by Part VII of the Rules. Bankruptcy Rule 701(4).

Until 1938, an order of discharge was not granted unless the bankrupt filed an application. Bankruptcy Act § 14. One opposing discharge filed a "specification ... of the grounds of ... opposition to discharge." General Order XXXII. The specification thus functioned as an answer to the application for discharge. In 1938, the Act was amended to provide that adjudication of an individual bankrupt operated as an application for discharge, thus eliminating the need for a separate application. Act § 14a.

Throughout the history of the 1898 act, therefore, the bankrupt initiated the request for an order of discharge, either expressly by separate application or implicitly by petition for adjudication as a bankrupt.

The 1973 Bankruptcy Rules addressed the form the opposition to the application for discharge should take. Those rules required that what was functionally an answer (opposition to the request for discharge) be called a complaint and that the bankrupt reply to the opposition by way of an answer.

The anomaly that an objection to discharge under the Bankruptcy Rules is called a complaint does not affect the jurisdictional analysis. That analysis is based on the substantive provisions of titles 11 and 28 United States Codes and the rules "cannot abridge, enlarge or modify any substantive rights." 28 U.S.C. § 2075.

### VII.

In summary, I would affirm the order denying the Brineys' motion to set aside the Burleys' discharge because they have not shown that the court abused its discretion. I am unable to accept the trial court's venue or jurisdiction analyses, however.