OPINION
{¶ 1} Defendant-appellant, Jeffrey Liston, appeals the decision of the Fayette County Court of Common Pleas, Juvenile Division, granting temporary, legal custody of his son James to a nonrelative.
 {¶ 2} James, who was born in October 1999, is the biological child of appellant and plaintiff-appellee, Ashley Riley. Appellant and Ashley were never married. Ashley was a minor at the time of James' birth. In November 1999, after Ashley was adjudicated to be a delinquent child, temporary custody of James was granted to James and Della Riley, his maternal grandparents. Protective supervision was granted to the Fayette County Department of Job and Family Services, Children's Services Division (the "agency"). In August 2001, the trial court granted custody of James to the maternal grandparents.
 {¶ 3} In June 2002, following several custody motions, the trial court named appellant the residential, custodial parent of James. In February 2004, the trial court granted emergency temporary custody of James to Charla Haggard, his paternal grandmother. Temporary custody remained with the paternal grandmother until August 2004 when the trial court granted ex parte emergency temporary legal custody of James to Ashley. In November 2004, following a hearing, the trial court granted temporary, legal custody of James to Ashley. In March 2005, the trial court named Ashley as the residential parent of James.
 {¶ 4} Several custody and visitation motions were subsequently filed. Among those was Joshua Penwell's custody motion. Joshua is Ashley's boyfriend. At the time of his motion, Joshua and Ashley had been living together for several years and had two children. In October 2005, the trial court held a hearing. Ashley was not present at the hearing, having been arrested and incarcerated for driving under suspension. On November 16, 2005, the trial court granted temporary, legal custody of James to Joshua as follows:
 {¶ 5} "Upon the evidence presented, consideration of the record on file, and the statutory factors for determining the best interest of [James], * * * Jeffrey Liston is found and ordered to be an unfit parent for said child. * * *
 {¶ 6} "Upon the evidence presented, and upon due consideration of the record and file in this matter, the Court does hereby find that based upon the testimony given, [James] is found to be a dependent child and pursuant to [R.C.] 2151.353 and 3109.04(F)(1) pertaining to the best interest factors for [James], the Court does hereby order that temporary custody be placed with Joshua Penwell[.] The Court finds that Joshua Penwell is extremely capable of caring for [James] and based upon all statutory factors, that it would be in the best interest of [James], at this time, to stay in the home of Joshua Penwell. The Court further orders that [the agency] take protective supervision of [James]. The Court further orders that if both Ashley Riley and Joshua Penwell, for any reason, both become incarcerated at the same time, [the agency] will take temporary custody of [James]. Therefore, Joshua Penwell's Motion is well taken and sustained and he is declared the residential and legal custodian of [James]."
 {¶ 7} This appeal follows in which appellant raises two assignments of error.
 {¶ 8} In his first assignment of error, appellant argues that the trial court erred by finding James to be a dependent child in the absence of a dependency, neglect, or abuse complaint before the trial court. We agree.
 {¶ 9} It is undisputed that although the agency had, at times, protective supervision of James, no dependency, neglect, or abuse complaint was ever filed in the trial court. A notice of hearing sent to the various parties notified the parties that a hearing would be held on October 24, 2005 and that the hearing was "for purposes of CUSTODY, VISITATION[.]" Yet, in its November 16, 2005 entry, the trial court found James to be a dependent child. It then, pursuant to R.C. 2151.353 and 3109.04(F)(1), granted temporary, legal custody of James to Joshua.[1]
 {¶ 10} It is well-established that juvenile courts derive their jurisdiction solely by grant from the General Assembly. Inre A.B., 110 Ohio St.3d 230, 2006-Ohio-4359, ¶ 32. Thus, their authority to adjudicate controversies must rest entirely upon that which has been conferred upon them by the legislature. SeeIn re Moore (May 20, 1981), Preble App. No. CA 291. Under R.C.2151.23(A)(2), a juvenile court has jurisdiction to determine the custody of any child not a ward of another court, even though the court has not first found such child to be a dependent child. Inre Perales (1977), 52 Ohio St.2d 89, 93-94. Indeed, an R.C.2151.23(A)(2) action does not need to comply with R.C. 2151.27, which governs dependency complaints, and 2151.353, which governs disposition of a dependent child. Id. at 94. Thus, in the case at bar, the trial court had jurisdiction to decide the custody of James under R.C. 2151.23(A)(2).
 {¶ 11} However, the trial court chose to award legal custody of James to Joshua under R.C. 2151.353(A)(3) after finding James to be a dependent child and without a dependency complaint before it. Under R.C. 2151.27(A)(1), "any person having knowledge of a child who appears * * * to be * * * a dependent child may file a sworn complaint with respect to that child[.]" R.C. 2151.28
mandates the juvenile court to hold an adjudicatory hearing within a specific period of time after the dependency complaint is filed. Once a child is adjudicated to be a dependent child after the initial complaint is filed, R.C. 2151.353(A) provides the juvenile court with six options regarding the disposition of the child, including legal custody. In re A.B., 2006-Ohio-4359
at ¶ 32. Thus, it is clear under these statutory provisions that a juvenile court cannot adjudicate a child to be dependent without the filing of a dependency complaint.
 {¶ 12} In State ex rel. Clark v. Allaman (1950),154 Ohio St. 296, following the withdrawal of an adoption petition, the case was certified from the probate court to the juvenile court. The issue before the Ohio Supreme Court was whether the juvenile court had jurisdiction to adjudicate the child as a dependent child without the filing of a complaint under Section 1639-23, General Code (the equivalent of R.C. 2151.27) against the parents. The supreme court held that "[t]he certification of a cause from the Probate Court to the Juvenile Court * * * does not constitute a complaint against the parents that the child which was the subject of the adoption proceedings is a dependent * * * child, and a judgment by the Juvenile Court finding that suchchild is a dependent child, made without the filing of acomplaint against the parents, is void ab initio for lack ofjurisdiction." Id. at paragraph two of the syllabus (emphasis added).
 {¶ 13} In reaching this holding, the supreme court noted that (1) "the parents of a minor child * * * are entitled to notice, actual or constructive, in a proceeding instituted in the Juvenile Court upon a complaint of dependency of such children[,]" id. at 301, (2) "[t]he wisdom of the General Assembly in requiring such complaint is evidenced by the results in this case. A finding of dependency was made without complaint and it is urged in this court that no dependency was actually found but that the Juvenile Court merely decided a question of custody. The charges a parent is required to defend must be certain and definite, and the serving of a citation upon a parent in a case in which there has been no complaint does not supply such deficiency[,]" id. at 302, and (3) "the Juvenile Court was as fully bound by the statutes concerning its jurisdiction as it is in any other case. The failure to follow this statutory procedure rendered the entry and judgment void[.]" Id. at 304-305.
 {¶ 14} In Union Cty. Child Welfare Bd. v. Parker (1964), 7 Ohio App.2d 79, the Third Appellate District held that the juvenile court's finding that the child was neglected and dependent, and its order placing the child in the temporary custody of the welfare board "were void ab initio for the want of a complaint filed as prescribed by [R.C.] 2151.27." Id. at 83-84, citing Allaman, 154 Ohio St. 296. See also Moore, Preble App. No. CA 291 (the juvenile court has no jurisdiction to make a finding of dependency without a formal filing of a complaint. The judgment of a court upon a subject of litigation within its jurisdiction, but not brought before it by any statement or claim of the parties is null and void); In re Hutchinson (June 19, 1982), Lawrence App. No. 1537 (the jurisdiction of the juvenile court is invoked only when a proper verified dependency complaint is filed in accordance with R.C. 2151.27).
 {¶ 15} We reject the argument made by Joshua and the agency that the trial court's error in finding James to be dependent without a dependency complaint was harmless simply because the trial court did find appellant to be an unsuitable parent before granting temporary, legal custody of James to Joshua. The record clearly shows that the trial court granted legal custody to James under R.C. 2151.353. As the foregoing cases and applicable statutory provisions under R.C. Chapter 2151 show, because a dependency complaint was never filed in the case at bar, the trial court had no jurisdiction to find James to be a dependent child. As a result, it had no jurisdiction to grant legal custody to Joshua under R.C. 2151.353, regardless of its finding that appellant is an unsuitable parent.[2] See Allaman; Moore;
and Parker.
 {¶ 16} We therefore hold that the trial court erred as a matter of law in finding James to be a dependent child when a dependency complaint was never filed, and based upon that finding, in granting legal custody of James to Joshua. The first assignment of error is accordingly sustained and well-taken.
 {¶ 17} In his second assignment of error, appellant argues that the trial court abused its discretion by granting temporary custody of James to Joshua, a nonparent and nonrelative. Given our resolution of the first assignment of error, the second assignment of error is moot.[3]
 {¶ 18} We therefore reverse the trial court's finding that James is a dependent child and its decision granting temporary, legal custody of James to Joshua, and remand this matter to the trial court for further action in accordance with the law and consistent with this opinion.
 {¶ 19} Judgment reversed and remanded.
Powell, P.J. and Bressler, J., concur.
[1] As applicable to the case here, R.C. 2151.353(A)(3) provides that "[i]f a child is adjudicated an abused, neglected, or dependent child, the court may make any of the following orders of disposition: * * * [a]ward legal custody of the child to either parent or to any other person who, prior to the dispositional hearing, files a motion requesting legal custody of the child[.]"
[2] We note that had the trial court properly found James to be a dependent child based upon a dependency complaint filed in accordance with R.C. 2151.27, the trial court would not have been required to find appellant or Ashley to be unsuitable parents before awarding legal custody of James to Joshua. See In reT.G., Butler App. Nos. CA2005-10-444 and CA2005-12-521,2006-Ohio-5504.
[3] We note that although the various parties on appeal cite to numerous portions of the testimony presented at the October 2005 hearing, appellant did not file a transcript of the hearing. It is well-established that an appellant has the duty to file the transcript as is necessary for evaluating a lower court's decision. Absent the transcript, and had we not found the second assignment of error to be moot, we would have been unable to review the assignment of error. See Rogers v. Rogers, Butler App. No. CA2004-08-207, 2005-Ohio-2662.