[Cite as *State v. K.G.*, 2022-Ohio-1256.]

COURT OF APPEALS
MORROW COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellant | : | Hon. William B. Hoffman, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| K.G., | : | Case No. 2021CA0016 |
| | : | |
| Defendant - Appellee | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Morrow County
Court of Common Pleas, Juvenile
Division, Case No. 2921 JC 0005

JUDGMENT:      Reversed and Vacated

DATE OF JUDGMENT:      April 14, 2022

APPEARANCES:

For Plaintiff-Appellant Morrow County JFS      For Defendant-Appellee Mother K.G.
DREAMA K. REESE      TYLER DUNHAM
619 W. Marion Road      19 East High Street
Mount Gilead, OH 43338      Mount Gilead, OH 43338


For Morrow County Prosecutor's Office      For Guardian *ad litem*

JACOB GRABINSKI      CELESTE BRAMMER
60 East High Street      13290 Centerburg Road
Mount Gilead, OH 43338      Sunbury, OH 43074

*Baldwin, J.*

{¶1}  Appellant Morrow County Job and Family Services, Children Services Division appeals from the October 5, 2021 Journal Entry of the Morrow County Court of Common Pleas, Juvenile Division, finding Z.G. to be a dependent child and ordering appellant to have Court Ordered Protective Supervision of Z.G.

## STATEMENT OF THE FACTS AND CASE

{¶2}  K.G. is the mother of Z.G. (DOB 3/19/09). On February 22, 2021, a criminal complaint was filed against K.G. in Morrow County Court of Common Pleas, Juvenile Division Case No. 2021 JC 05 alleging that K.G. had contributed to the delinquency/unruliness of Z.G. in violation of R.C. 2919.24(B)(1), a misdemeanor of the first degree.  The complaint alleged that K.G. failed to send Z.G. to school. At her arraignment on March 26, 2021, appellant entered a plea of not guilty to the charge.

{¶3}  Thereafter, at a pretrial held on September 29, 2021, the trial court, as memorialized in a Journal Entry filed on October 5, 2021, found Z.G. to be dependent and ordered appellant to assume Court Ordered Protective Supervision over Z.G. The trial court, in a Journal Entry also filed on October 5, 2021, stated that a complaint alleging that Z.G. was abused, neglected or dependent was filed following the September 29, 2021 hearing.

{¶4}  Appellant now appeals, raising the following assignment of error on appeal:

{¶5}  "I.  THE TRIAL COURT'S (1) FINDING THAT THE MINOR CHILD WAS DEPENDENT AND (2) DISPOSITIONAL ORDER REQUIRING MORROW COUNTY JOB AND FAMILY SERVICES (HEREINAFTER, "MCJFS" AND/OR "THE AGENCY") TO IMPLEMENT PROTECTIVE SUPERVISION OF THE MINOR CHILD AND/OR

CHILD(REN), PURSUANT TO JOURNAL ENTRY ISSUED OCTOBER 5, 2021 (*STATE V. K.G.*, 2021 JC 0005, ¶4), ARE VOID *AB INITIO* AS THE TRIAL COURT LACKED SUBJECT MATTER JURISDICTION IN THE ABSENCE OF A DEPENDENCY COMPLAINT FILED IN ACCORDANCE WITH R.C. 2151.27."

I

**{¶6}** Appellant, in its sole assignment of error, argues that the trial court did not have subject matter jurisdiction in this case in the absence of a dependency complaint filed in accordance with R.C. 2151.27. We agree.

**{¶7}** As noted by the Ohio Supreme Court in *Ostanek v. Ostanek*, 166 Ohio St.3d 1, 6-7, 2021-Ohio-2319, 181 N.E.3d 1162, 1167–68;

Subject-matter jurisdiction refers to the constitutional or statutory power of a court to adjudicate a particular class or type of case," *Corder [v. Ohio Edison Co.]*, 162 Ohio St.3d 639, 2020-Ohio-5220, 166 N.E.3d 1180, at ¶ 14, and a court's subject-matter jurisdiction " 'is determined without regard to the rights of the individual parties involved in a particular case,' " *id.*, quoting *Kuchta[1]* at ¶ 19. "Instead, 'the focus is on whether the forum itself is competent to hear the controversy.' " *Id.* at ¶ 14, quoting [State v.] *Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, at ¶ 23; *see also* 18A Wright, Miller & Cooper, *Federal Practice and Procedure*, Section 4428, at 6 (3d Ed.2017) ("Jurisdictional analysis should be confined to the rules that actually allocate judicial authority among different courts").

---

[1] *Bank of America, N.A. v. Kuchta*, 141 Ohio St.3d 75, 2104-Ohio-4275, 21 N.E.3d 1040.

Because subject-matter jurisdiction is a condition precedent to a court's power to adjudicate and render judgment in a case, "[i]f a court acts without jurisdiction, then any proclamation by that court is void." *State ex rel. Tubbs Jones v. Suster*, 84 Ohio St.3d 70, 75, 701 N.E.2d 1002 (1998), citing *Patton v. Diemer*, 35 Ohio St.3d 68, 518 N.E.2d 941 (1988).

"A court's jurisdiction over a particular case refers to the court's authority to proceed or rule on a case that is within the court's subject-matter jurisdiction." *Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 1040, at ¶ 19. This reference to "[a] court's jurisdiction over a particular case" "involves consideration of the rights of the parties." *Id.* However, " ' "[o]nce a tribunal has jurisdiction over both the subject matter of an action and the parties to it, '* * * the right to hear and determine is perfect; and the decision of every question thereafter arising is but the exercise of the jurisdiction thus conferred * * *.' " ' " (Ellipses added in *Pizza*.) *Harper* at ¶ 26, quoting *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, ¶ 12, quoting *State ex rel. Pizza v. Rayford*, 62 Ohio St.3d 382, 384, 582 N.E.2d 992 (1992), quoting *Sheldon's Lessee v. Newton*, 3 Ohio St. 494, 499 (1854).

Id at paragraphs 21-23.

**{¶8}** "Ohio's juvenile courts are statutory courts, created by the General Assembly. As a statutory court, the juvenile court has limited jurisdiction, and it can exercise only the authority conferred upon it by the General Assembly." *In re Z.R.*, 144 Ohio St.3d 380, 2015-Ohio-3306, 44 N.E.3d 239 ¶14, citing R.C. Chapter 2151; *State v.*

*Wilson*, 73 Ohio St.3d 40, 43, 1995-Ohio-217, 652 N.E.2d 196; and *State ex rel. Ramey v. Davis*, 119 Ohio St. 596, 165 N.E. 298 (1929), paragraph four of the syllabus.

**{¶9}** Under R.C. 2151.27(A)(1), "any person having knowledge of a child who appears * * * to be * * * a dependent child may file a sworn complaint with respect to that child[.] "Pursuant to R.C. 2151.23(A)(1), juvenile courts have exclusive original jurisdiction "[c]oncerning any child who on or about the date specified in the complaint, indictment, or information is alleged * * * to be [an] * * * abused, neglected, or dependent child[.]" Thus, a complaint is a prerequisite to jurisdiction of Juvenile Court to adjudge a minor to be a dependent child. *State ex rel. Clark v. Allaman*, 87 Ohio App. 101, 90 N.E.2d 394 (1950), aff'd, 154 Ohio St. 296, 95 N.E.2d 753. *See Union Cty. Child Welfare Bd. v. Parker*, 7 Ohio App. 2d 79, 83-84, 218 N.E.2d 757 (3d Dist. 1964) (finding "the proceedings wherein it was determined that the children were dependent and neglected and ordered placed in the temporary custody of the child welfare board were *void ab initio* for the want of a complaint filed as prescribed by Section 2151.27, Revised Code."); *see also*, *In re S.C.*, 9th Dist. Summit No. 27676, 2015-Ohio-2623, ¶ 7 (stating that "the juvenile court's subject matter jurisdiction was established when CSB filed complaints to allege that [the children] were abused, neglected, and dependent children"); *Riley v. Liston*, 12th Dist. Fayette No. CA2005-12-032, 2006-Ohio-5846, ¶ 11 (stating that "it is clear under these statutory provisions that a juvenile court cannot adjudicate a child to be dependent without the filing of a dependency complaint."); *In the Matter Of: Hutchison*, 4th Dist. Lawrence No. 1537, 1982 WL 3455 (June 10, 1982) (stating "R.C. 2151.23(A)(1) confers jurisdiction respecting neglected and dependent children. R.C. 2151.27 which sets forth complaint requirements and R.C. 2151.03 and [R.C. 2151].04 defining

neglected and dependent children are in *pari materia*, and the jurisdiction of the Juvenile Court is invoked only when a proper, verified complaint is filed in accordance with such statutes").

{¶10} R.C. 2151.27 thus dictates that a complaint must be filed with the juvenile court to initiate abuse/neglect/dependency proceedings. *Riley v. Liston,* Fayette App. No. CA2005-12-032, 2006-Ohio-5846, ¶ 11. The complaint is "the legal document that sets forth the allegations that form the basis for juvenile court jurisdiction." Juv.R. 2(F). Therefore, a juvenile court does not have jurisdiction to adjudicate a child abused, neglected, or dependent unless a sworn complaint has been properly filed first. See *Riley*, supra.

{¶11} In this case, no complaint was filed under R.C. 2151.27 to initiate abuse/neglect/dependency proceedings. While the trial court, in its October 5, 2021 Journal Entry, stated that a complaint was filed alleging abuse, neglect or dependency after the September 29, 2021 hearing, there is so such complaint in the file. In the absence of such a complaint, the juvenile court was without jurisdiction to adjudicate Z.G. a dependent child. The only complaint filed in this matter was an adult criminal complaint alleging that K.G., the mother of Z.G. had contributed to the delinquency /unruliness of Z.G.

{¶12} Based on the foregoing, we find that the trial court did not have jurisdiction to adjudicate Z.G. a dependent child and to order him into appellant's protective supervision.

{¶13} Appellant's sole assignment of error is sustained.

{¶14} Having found the October 5, 2021 Journal Entry is void *ab initio* for want of subject matter jurisdiction and having sustained the sole assignment of error, the judgment of the Morrow County Court of Common Pleas, Juvenile Division, is reversed, and the order of October 5, 2021 is ordered to be vacated.

By: Baldwin, P.J.

Gwin, J. and

Hoffman, J. concur.